```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

ANGELO LOPES and SANDY VAGELATOS in      :
their capacity as Co-Chairmen of the
DISTRICT COUNSEL 9 PAINTING INDUSTRY     :    03 Civ. 9036 (WCC)
INSURANCE AND ANNUITY FUNDS,
                                         :
                  Plaintiffs,
                                         :
      - against -                                   OPINION
                                         :        AND ORDER
FEDERAL METAL & GLASS CORP.,
                                         :
                  Defendant.
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                        BARNES, IACCARINO, VIRGINIA,
                                          AMBINDER & SHEPHERD, PLLC
                                      **Attorneys for Plaintiffs**
                                        258 Saw Mill River Road
                                        Elmsford, New York 10523

DANA L. HENKE, ESQ.

      Of Counsel

**Copies Mailed to Counsel of Record** _____

**CONNER, Senior D.J.:**

Plaintiffs Angelo Lopes and Sandy Vagelatos, in their capacity as Co-Chairmen of the District Council 9 Painting Industry Insurance and Annuity Funds,[1] brought this action against defendant Federal Metal & Glass Corp. to recover fringe benefit contributions, interest on the unpaid principal, liquidated damages, late charges, attorney's fees, auditor fees, court costs and disbursements pursuant to the terms of the District Council No. 9 International Union of Painters and Allied Trades Association Glaziers Agreement between defendant and the Union (the "Agreement") in accordance with § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. This Court has jurisdiction pursuant to both ERISA and section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.[2] Although defendant answered the Complaint, it subsequently entered bankruptcy and its attorneys have withdrawn as counsel. Having submitted evidence of non-payment of benefits to the Court, the Union now moves for summary judgment. In light of the uncontroverted evidence submitted by the Union, we hereby notify defendant that unless it appears before the Court and shows cause why we should not enter such an order, summary judgment as detailed herein will be entered in favor of the Union.

**BACKGROUND**

---

[1] We hereinafter refer to plaintiffs, as well as the District Council No. 9 International Union of Painters and Allied Trades Association, as the "Union."

[2] The LMRA provides in pertinent part:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
29 U.S.C.S. § 185(a) (2007).

Defendant was an employer within the meaning of ERISA[3] and employed various tradespeople who were members of the Union. (Complt. ¶¶ 10-12.) Two audits of defendant's financial records revealed that, from January 1, 1999 through April 30, 2005, defendants failed to pay the Union for fringe benefits accrued by employees working for defendant in violation of the Agreement. Specifically, the audits revealed that defendant owed the Union unpaid fringe benefits in the amount of $129,688.06. Pursuant to the terms of the Agreement, the Union is also entitled to recover interest on the amount of unpaid benefits, starting with the first day of the delinquency and calculated monthly, at a rate of two percent above prime (10.25%),[4] which plaintiff values at $23,262.79.[5] In addition, the Union seeks to recover liquidated damages in the amount of ten percent of the amount of contributions due ($12,968.80), reasonable attorney's fees ($3,000.00), audit costs ($4,080.00), late charges ($38,913.45) and court costs and disbursements ($250.00), for a total of $212,163.10. Following initiation of the present litigation, on April 21, 2005, defendant filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. This Court thereafter placed the action on

---

[3] Pursuant to ERISA, "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5) (2007).

[4] The prime interest rate, as published by the Federal Reserve Bank, has remained at 8.5% during the pendency of the present motion. See Federal Reserve Bank Statistical Release H.15, Selected Interest Rates, available at http://www.federalreserve.gov/releases/h15/data/Business_day/H15_PRIME_NA.txt.

[5] The Union appears to have calculated interest from the date of the late payment to the date its motion for summary judgment was filed. Any award of interest must, of course, account for the period of time between the filing of the motion and the entry of judgment, and plaintiff's proposed value is therefore not dispositive.

the suspense docket, where it remained until October 18, 2006, following dismissal of the bankruptcy proceedings. The Union now moves for summary judgment, contending that no genuine issues of material fact exist as to defendant's liability for non-payment or the extent of the benefits owed. Defendant has not opposed the Union's motion.[6]

## DISCUSSION

Summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-50 (1986). A fact is material only if, based on that fact, a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See Anderson*, 477 U.S. at 255. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). As one court explained:

> [S]ummary judgment must be granted against a party in instances when such party
> fails to adequately establish an essential element on which it bears the burden of

---

[6] Following the action's reinstatement to the Court's normal calendar, the Court granted defense counsel's motion to withdraw from the case and ordered the parties to appear at a status conference on December 15, 2006 at 11:15 am. Defendant did not appear at the conference, and the Court granted the Union permission to file the instant motion.

>proof. . . . The non-moving party may not rest upon unsubstantiated allegations, conclusory assertions or mere denials of the adverse party's pleading, but must set forth and establish specific facts showing that there is a genuine issue for trial. . . . A metaphysical or other whimsical doubt concerning a material fact does not establish a genuine issue necessitating a trial. . . . The mere existence of a scintilla of evidence supporting the non-movant's case is insufficient to defeat a motion for summary judgment.

*Brooks v. Di Fasi*, No. 93-CV-0197E, 1997 U.S. Dist. LEXIS 11162, at *6-7 (W.D.N.Y. July 30, 1997) (citations omitted; internal quotation marks omitted). Nevertheless,

>even where a non-moving party fails to respond to a motion for summary judgment, a court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006) (emphasis removed).

The Union has submitted the results of the two audits of defendant's financial records, which reveal defendant's non-payment of benefits due under the Agreement. We have no reason to doubt the accuracy of the amounts listed in the audit sheets, as well as the assorted costs listed in the affirmations of the Union's counsel. Absent contrary evidence from defendant, we are inclined to conclude that the Union is entitled to the following damages: (1) unpaid benefits in the amount of $129,688.06;[7] (2) interest on the unpaid contributions from April 30, 2005 through January 2007 in the amount of $23,262.79; (3) liquidated damages of ten percent of the unpaid benefits in the amount of $12,968.80; (4) late charges in the sum of $38,913.45; (5) reasonable attorney's fees in the amount

---

[7] Although the Court's addition of the amounts listed on the audit sheets yields a deficiency of $134,851.54 in unpaid benefits, plaintiffs' attorney has specifically requested $129,688.06. Upon being prompted by the Court to submit a supplemental affirmation detailing how the lower number was calculated, plaintiffs' counsel merely recited the same figure without any analysis whatsoever.

of $3,000.00;[8] (6) auditor fees in the amount of $4,080.00; and (7) court costs and disbursements in the amount of $250.00, for a total award of $212,163.10.  Although the proffered materials are sufficient to support the granting of summary judgment in favor of the Union, the Court will permit defendant a final opportunity to appear and contest the present motion before entering judgment.

## CONCLUSION

For all of the foregoing reasons, defendant Federal Metal & Glass Corp. is hereby notified that unless it appears before the Court on Friday, September 21, 2007 at 11:00 am and shows cause to the contrary, summary judgment will be entered in plaintiffs' favor in accordance with the terms of this Opinion.

SO ORDERED.

Dated: White Plains, New York
       September 7, 2007

_____
                                                      Sr. United States District Judge

---

[8] The Union's counsel represents that she worked 15 hours in connection with the present matter, and requests fees for her services in the amount of $200 per hour.  We find both the number of hours worked and counsel's proposed fee to be reasonable.

of $3,000.00;[8] (6) auditor fees in the amount of $4,080.00; and (7) court costs and disbursements in the amount of $250.00, for a total award of $212,163.10. Although the proffered materials are sufficient to support the granting of summary judgment in favor of the Union, the Court will permit defendant a final opportunity to appear and contest the present motion before entering judgment.

## CONCLUSION

For all of the foregoing reasons, defendant Federal Metal & Glass Corp. is hereby notified that unless it appears before the Court on Friday, September 21, 2007 at 11:00 am and shows cause to the contrary, summary judgment will be entered in plaintiffs' favor in accordance with the terms of this Opinion.

SO ORDERED.

Dated: White Plains, New York
       September 7, 2007

                                                   _/s/ William C. Conner_
                                                Sr. United States District Judge

---

[8] The Union's counsel represents that she worked 15 hours in connection with the present matter, and requests fees for her services in the amount of $200 per hour. We find both the number of hours worked and counsel's proposed fee to be reasonable.